**Dated: August 07, 2009**
**The following is SO ORDERED.**

_____
G. Harvey Boswell
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 09-13091 ghb |
| Element Aluminum, LLC and | ) |
| Hayes Tennessee Venture, LLC, | ) Jointly Administered |
| | ) |
| Debtors. | ) Chapter 11 |
| | ) |

**ORDER APPROVING SALE PROCEDURES IN CONNECTION WITH**
**THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTORS**

Upon the Debtors' Expedited Motion for Entry of an Order approving sale procedures in connection with the sale of substantially all of the Debtors' assets (the "Motion"), as more fully set out in the Motion; the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409

and (d) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and it appearing that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and the estates;

IT IS THEREFORE ORDERED:

1. A hearing (the "Sale Hearing") on the Sale Motion shall be held on August 26, 2009 at 9:30 a.m. (Central Time).

2. Debtors shall accept competing bids to the offer contained in the APA at the Auction.[1] Anyone wishing to bid at the Auction shall do so subject to the following requirements (collectively, the "Bid Procedures"):

    a. Only qualified bidders (the "Qualified Bidders") may submit an offer (for all or a portion of the Assets) with respect to the Assets or otherwise participate in the proposed auction (the "Auction"). Persons or entities who propose to become Qualified Bidders ("Proposed Qualified Bidders"), on or before 5:00 p.m. prevailing Central time on the fourth business day prior to the date first set for the Auction (the "Bid Deadline"), must comply with each of the following requirements (a "Qualified Bid"):

        (i) provide Debtors with evidence that, in the discretion of Debtors, establishes that the Proposed Qualified Bidder has sufficient ability to close and consummate a sale on the terms set forth herein, pursuant to an agreement substantially in the form of the APA. Any bidder shall provide to Debtors and Debtors' counsel, within twenty-four (24) hours after Debtors' request, financial statements and other documents relating to its business activities and its ability to perform in the event that its bid is accepted (including evidence of the structure and

---

[1] Capitalized terms not defined in this Order have the meanings given thereto in the Motion.

financing of the proposed transaction (cash, notes, etc…) and including the amount of equity to be committed and sources of financing);

(ii) submit an executed form of the APA meeting the requirements set forth in subparagraph (1) above and marked to show all changes thereto and reflecting terms and condition no less favorable to Debtors that those set forth in the APA with the Stalking Horse;

(iii) tender a good faith deposit in the form of a bank or certified check in the amount of $255,500.00 (the "Deposit"), made payable to Element, to be tendered to counsel for Debtors as a condition to bidding and which will be deposited prior to the conclusion of the Auction. If the Proposed Qualified Bidder is the successful bidder with respect to a sale, the Deposit will be applied towards the amount of the successful bid. If the Proposed Qualified Bidder is not a successful bidder, the Deposit will be promptly returned to such bidder. Any Deposit tendered by any bidder that becomes a successful bidder shall be remitted to the Debtors in the event that any such successful bidder fails to close and consummate a sale as a result of its breach of the terms and conditions of the APA.

**Form of Competing Bids**

b. Except as otherwise decided in the Debtors' discretion, any competing bids must be on substantially the same terms as the APA (and include the same or fewer conditions), and shall not be on terms and conditions which are more burdensome or conditional in any material respect than the terms of the APA. Such competing bids must also disclose the identity of the bidder.

c. Any competing bids shall be in writing and filed with the Bankruptcy Court at least three (3) business days in advance of the date first set for the Auction, with copies of such bids to be served on and received at least two (2) business days prior to the date set for

the Auction: (1) Counsel for Debtors; (2) Counsel to the Stalking Horse; and (3) Office of the United States Trustee.

        d.    To constitute a Qualified Bid, a competing bid shall be all cash and, at a minimum, in an amount equal to the purchase price in the APA, plus $255,000 (the "Minimum Bid").

**The Auction**

        e.    The Debtors will conduct the Auction at the offices of Debtors' counsel, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., 165 Madison Ave., Suite 2000, Memphis, Tennessee 38103, one (1) business day prior to the Sale Hearing at 1:00 p.m. prevailing Central time. Bidding at the Auction will commence with the highest Qualified Bid from a Qualified Bidder and will continue in $25,000 increments until all parties have made their final offers on the Assets. During the auction, the Stalking Horse shall have the right to credit-bid all or any portion of any claim (including without limitation any debt owed by Debtors to the Stalking Horse pursuant to any pre-petition or debtor-in-possession financing) against the Debtors (with appropriate adjustments to reflect any change in the amount of such claim as of the date of the Auction), and for the purposes of comparing bids, the amount of the Break-Up Fee (as defined below) shall be considered an additional credit in favor of the Stalking Horse.

        f.    At the conclusion of the Auction, Debtors, after consultation with Element's pre-petition secured creditors, will announce their determination as to the highest and best bid for the Assets (the "Successful Bid") by the Qualified Bidder who will become the Successful Bidder. Debtors reserve the right to determine which bid is the highest or otherwise best offer at the Auction or to withdraw the Sale Motion at any time prior to the Sale Hearing. Formal acceptance of a winning bid will not occur unless and until the Court enters an Order

approving the winning bid and authorizing the Debtors to consummate the sale following the conclusion of the Sale Hearing.

        g.    Upon failure to consummate a sale because of breach or failure on the part of a Successful Bidder, Debtors may select in their business judgment the next highest or otherwise best Qualified Bid to be the Successful Bidder without further order of the Court.

**Notice and Scheduling**

3.    Pursuant to Bankruptcy Rule 2002, Debtors are authorized to give notice of the Bid Procedures by mailing a copy of the Notice of the Auction and Sale Hearing in substantially the form of Exhibit B hereto by first class mail, to the following, (collectively, the "Notice Parties"):

    a.    All creditors asserting a security interest in and lien against the Assets;
    b.    The Office of the United States Trustee;
    c.    All creditors of the Debtors;
    d.    All applicable federal and state taxing and environmental authorities;
    e.    All parties who have requested notice in this case; and
    f.    All persons or entities who have expressed an interest in acquiring the Assets.

4.    In addition, Debtors shall provide notice by publication in the Jackson Sun in two (2) editions, once weekly, over a two (2) week period.

**Bid Protection Payments**

5.    In the event that the Assets are sold to a party submitting a Qualified Bid other than the Stalking Horse, then the Stalking Horse shall be entitled to a break-up fee in the amount of $230,000.00 (the "Break-Up Fee"). The Court finds that the Break-Up Fee is necessary, reasonable, and in the best interests of the Debtors, their estates, and their creditors.

6.    The Break-Up Fee shall be paid immediately if the Debtors accept and close on a

sale of the Assets to a Qualified Bidder (an "Alternative Transaction"). The Stalking Horse shall have first right to the proceeds received by Debtors in the amount of the Break-Up Fee in an Alternative Transaction.

7. The rights of the Stalking Horse to the Break-Up Fee shall survive rejection or breach by Debtors of the APA entered into by the Stalking Horse and Debtors, and shall be unaffected thereby.

IT IS SO ORDERED.


Submitted for Entry:

/s/ E. Franklin Childress, Jr.
E. Franklin Childress, Jr. (007040)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
165 Madison Ave., Suite 2000
Memphis, Tennessee 38103
Telephone: (901)526.2000
Facsimile: (901)577.0845
Email: fchildress@bakerdonelson.com
Counsel to the Debtors and Debtors-in-Possession


Serve all parties on the matrix.